**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BROOKS BREWER,

    Plaintiff,

v.                                                   Case No: 8:14-cv-2492-T-30MAP

AFFORDABLE TRANSPORT, INC.
and RICHARD JENSEN, JR.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Defendant's Counterclaim (Dkt. 7) and Defendant's Response in Opposition (Dkt. 9). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

On October 2, 2014, Plaintiff Brooks Brewer filed the instant action against Affordable Transport, Inc. ("Affordable"), her employer during the relevant time, and Defendant Richard Jensen, an owner of Affordable pursuant to the Fair Labor Standards Act ("FLSA") alleging unpaid overtime wages and retaliation. Specifically, Brewer alleges that she regularly worked in excess of forty hours per week but did not receive overtime compensation and, upon complaining of working without being paid overtime, was terminated.

On October 31, 2014, Defendants filed an answer, which asserted a counterclaim for fraud ("Defendants' Counterclaim").[1] Defendants' Counterclaim alleged that Brewer knowingly falsified logs to exclude trips that were paid in cash, and turned in false gas receipts for gas used in non-company vehicles.

Plaintiff moves to dismiss Defendants' Counterclaim under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Court lacks subject matter jurisdiction to hear Defendants' Counterclaim.

## **DISCUSSION**

Plaintiff argues that the Court should not exercise supplemental jurisdiction over Defendants' Counterclaim because Defendants did not allege jurisdiction and because it is not sufficiently related to Plaintiff's FLSA claims. Defendants argue the Court has supplemental jurisdiction over Defendants' Counterclaim because it arises out of a common nucleus of operative fact with Plaintiff's FLSA claims.

28 U.S.C. § 1367(a) authorizes supplemental jurisdiction when claims "form part of the same case or controversy under Article III of the United States Constitution." Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta,* 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

---

[1] Defendants' Counterclaim "reserve[d] the right to amend th[e] Counterclaim to add claims for conversion and civil theft one the respective Shelby and statutory demands have been made." (Dkt. 5).

2

A review of Plaintiff's FLSA claims and Defendants' Counterclaim reveals that that Defendants' Counterclaim is so closely related to Plaintiff's underlying FLSA claim that they form part of the same case or controversy.  Defendants contend that Brewer is not entitled to overtime compensation because during the time that she claims to have been performing legitimate work duties, she was defrauding the company.  Therefore, Plaintiff's conduct during the hours that she claims to have been working for Defendants without adequate pay arises from a common nucleus of operative fact as Defendants' Counterclaim that Plaintiff was committing fraudulent acts during the time she should have been working.  *See Targia v. U.S. Alliance Mgmt. Corp.*, No. 02-23055-CIV., 2003 WL 23312749, at *4 (S.D. Fla. Nov. 14, 2003) (finding a common nucleus of operative fact between plaintiff's FLSA claim for unpaid overtime compensation and defendant's counterclaim that plaintiff was defrauding the company during the same period of time). The allegations in Defendants' Counterclaim raises the critical question of whether Plaintiff was working during the hours that she claims she was not adequately compensated pursuant to the FLSA, or rather, defrauding Affordable by misappropriating cash and reimbursement for gas.  Because this question necessarily arises out of the same nucleus of operative facts as Plaintiff's FLSA claim, Plaintiff's motion must be denied.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss Defendant's Counterclaim (Dkt. 7) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of January, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-2492 mtd.docx

4